UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CECE KROMAH, Individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

AMERIVENTS CATERING LLC,

    Defendant.

ECF CASE

No.: _____

CLASS AND COLLECTIVE ACTION COMPLAINT

JURY TRIAL DEMANDED

---

## NATURE OF THE ACTION

1. Plaintiff Cece Kromah asserts on her behalf and on behalf of all other similarly situated current and former employees of Defendant Amerivents Catering LLC, who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b): (i) unlawfully retained gratuities under the FLSA.

2. Plaintiff asserts on her behalf and all other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law ("N.Y. LAB. LAW") by: (ii) unlawfully retaining gratuities under N.Y. LAB. LAW § 191(1)(a); (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (iv) failing to provide an accurate wage statement under N.Y. LAB. LAW § 195.3.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter because Defendant is authorized to do, and does do, business in the State of New York, and a substantial part of the events or omissions giving rise to the claims occurred in this jurisdiction.

4. Venue is proper in this District under 28 U.S. Code § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in this District.

5. Plaintiff demands a trial by jury.

## THE PARTIES

6. Plaintiff is an adult individual residing in New York, New York.

7. Defendant is a domestic limited liability company that is organized and existing under the laws of the State of New York, is licensed to do business in the State of New York, and has a principal place of business located at 1776 Broadway, Suite 1000, New York, New York 10019.

8. Defendant hired Plaintiff and other employees as bartenders, while also supervising and controlling their work schedules and conditions of employment, determining the rate and method of their payment, and keeping at least some records regarding their employment.

## STATEMENT OF FACTS

Background[1]

9. Defendant is a domestic limited liability company that provides hospitality staff, such as bartenders, to event organizers in New York.

10. Defendant has employed Plaintiff as a bartender since 2020.

11. As a bartender, Plaintiff's primary duties involve taking drink orders from customers, fulfilling the orders, and handling payments from customers including cash and credit tips for her service.

12. Defendant classified Plaintiff as a non-exempt employee and paid her an hourly rate plus a minimal share of tips.

---

[1] Headers are for organizational purposes only.

Unlawful Tip Pool

13. Throughout Plaintiff's employment, she regularly received cash and credit card tips from customers.

14. Pursuant to Defendant's policy, Plaintiff and other employees pool their tips, which are paid out daily at the end of each shift by a supervisor.

15. Defendant's supervisors have meaningful and significant authority over the bartenders and all other employees of Defendant including but not limited to excluding access to all tip pool information and calculations to all non-supervisor employees of Defendant.

16. Defendant's supervisors do not carry out the duties of a bartender, nor do they directly receive tips from customers.

17. Defendant's supervisors receive an equal/full portion of the pooled tips at the expense of the fair disbursement of tips to bartenders.

18. For example, at the Kentucky Derby in 2023, Plaintiff received more than $700.00 in tips from customers for her service, yet was only tipped out $40.00 for that day's work.

19. From speaking with them and observing them, Plaintiff knows that other employees of Defendant, like her, had their tips unlawfully withheld by Defendant.

Recordkeeping Violation

20. Defendant failed to provide Plaintiff with the Notice and Acknowledgement of Payrate and Payday under N.Y. LAB. LAW § 195.1, or notice of taking tips against the minimum wage, at the time of hire and at any other date.

21. Defendant did not provide Plaintiff or other employees with accurate wage statements under N.Y. LAB. LAW § 195.3 with every wage payment.

22. Based on Plaintiff's observations at work and conversations with other employees of Defendant, she knows other similarly situated employees who worked for Defendant within the past six years, who had the same or similar job duties as her, worked the same of similar hours each day and week, and were paid similarly to her.

Widespread Violations

23. Defendant has been the subject of numerous lawsuits asserting "various wage and hour violations" including but not limited to *Yahraes, et. al. v. Amerivents, et. al.*, 10-CV-935 (MKB) (SMG); *Naula v. Amerivents Catering, LLC, et. al.*, Index No. 652170/2021; *Naula v. Amerivents Catering, LLC, et. al.*, Index No. 655092/2018; and *Wells v. Amerivents Catering, LLC, et. al.*, Index No. 609923/2018.

24. In *Yahraes, et. al. v. Amerivents, et. al.*, the plaintiffs, "on behalf of themselves and as representatives of a class composed of '[a]ll persons who worked as Luxury Suite Attendants at the Arthur Ashe Stadium at the National Tennis Center immediately prior to and during any of the 2004-2009 U.S. Opens,'" brought various wage and hour claims against Defendant under the federal Fair Labor Standards Act and the New York Labor Law.

25. In *Naula v. Amerivents Catering, LLC, et. al.*, the plaintiff brought claims against Defendant of egregious violations of state overtime laws. Having not cured the widespread violations, the plaintiff alleged the same violations, along with other plaintiffs, three years later.

26. In *Wells v. Amerivents Catering, LLC, et. al.*, the plaintiff alleged that Defendant unlawfully retained tips and gratuities under N.Y. LAB. LAW §§ 190 *et seq.* and § 196-d.

27. Defendant has not changed its unlawful compensation practices amongst bartenders or similar positions in over a decade since the above-referenced cases allege wage and hour violations dating back to 2012.

## COLLECTIVE ACTION ALLEGATIONS

28. Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employs and has employed who were non-exempt hourly employees at any time since August xx, 2020, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

29. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

   a. Defendant employed the Collective Action Members;

   b. Collective Action Members performed similar duties;

   c. Defendant willfully or recklessly violated the FLSA;

   d. Defendant unlawfully retained gratuities owed to Plaintiff and the Collective Action Members in violation of the FLSA and the regulations promulgated thereunder; and

   e. Defendant should be enjoined from violating the FLSA in the future.

30. The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

## CLASS ALLEGATIONS

31. Plaintiff asserts these allegations on her own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employ and have employed as bartenders or comparable positions at any time since August xx, 2017, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

32. The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of them is unknown to Plaintiff and Defendant have sole control of the facts necessary to calculate the actual number, Plaintiff estimates, upon information and belief, more than 40 Class Members exist.

33. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

34. Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

35. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

36. Plaintiff has the same interest in this matter as all other Class Members and her claims are typical of the Class Members'.

37. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

    a. whether Defendant employed Plaintiff and the Class Members within the meaning of the Labor Law;

    b. whether Defendant violated the Labor Law by unlawfully withholding tips owed to the Class Members;

    c. whether Defendant violated the Labor Law by failing to provide proper wage notices, or notice of taking a tip credit against the minimum wage, to the Class Members;

d.  whether Defendant violated the Labor Law by failing to provide accurate wage statements to the Class Members;

e.  whether Defendant is liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

f.  whether Defendant should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES
UNDER THE FAIR LABOR STANDARDS ACT
(On Behalf of Plaintiff and the Collective Action Members)

38.  Plaintiff realleges every preceding allegation as if set forth fully herein.

39.  At all relevant times, Plaintiff and the Collective Action Members are "employees" and Defendant is an "employer" under the FLSA.

40.  At all relevant times, Defendant employed Plaintiff and the Collective Action Members.

41.  Defendant willfully violated the FLSA by unlawfully retaining a portion of the gratuities, by unlawfully remitting them to their managers, that should be remitted to Plaintiff and the Collective Action Members.

42.  Due to Defendant's violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## SECOND CAUSE OF ACTION
## UNLAWFULLY RETAINED GRATUITIES
## UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

43. Plaintiff realleges every preceding allegation as if set forth fully herein.

44. At all relevant times, Plaintiff and the Class Members were "employees" and Defendant was an "employer" under the N.Y. LAB. LAW.

45. At all relevant times, Defendant employed Plaintiff and the Class Members.

46. Defendant willfully violated the N.Y. LAB. LAW § 196-d by unlawfully retaining a portion of the gratuities, by unlawfully remitting them to their supervisor, that should be remitted to Plaintiff and the Class Members.

47. Due to Defendant's violations of the N.Y. LAB. LAW, Plaintiff and the Class Members are entitled to recover from Defendant their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE
## UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

48. Plaintiff repeats every allegation of the preceding paragraphs as if fully set forth herein.

49. At all relevant times, Plaintiff and the Class Members were "employees" and Defendant was an "employer" under the N.Y. LAB. LAW.

50. At all relevant times, Defendant employed Plaintiff and the Class Members.

51. Defendant willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within ten business days of their first employment date.

52.     Due to its N.Y. LAB. LAW § 195.1 violations, Plaintiff and the Class Members are entitled to recover from Defendant $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB LAW § 198(1)-b (2016).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Action Members)

53.     Plaintiff realleges every preceding allegation as if set forth fully herein.

54.     At all relevant times, Plaintiff and the Class Members were "employees" and Defendant was an "employer" under the N.Y. LAB. LAW.

55.     At all relevant times, Defendant employed Plaintiff and the Class Members.

56.     Defendant did not provide Plaintiff and the Class Members with a written wage statement specifying, *inter alia*, their hours worked, compensation rate and any allowances, violating N.Y. LAB. LAW § 195.3.

57.     Due to Defendant's violations of N.Y. LAB. LAW § 195.3 on or after February 27, 2015, Plaintiff and the Class Members are entitled to recover from Defendant $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. LAB. LAW § 198(1)-d (2016).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and the Class Members, respectfully requests this Court grant the following relief:

a. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

b. Certifying this action as a class action under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

f. An award for failing to provide the N.Y. LAB. LAW § 195.3 Wage Statements;

g. An award of liquidated damages under the FLSA and Labor Law;

h. An award of prejudgment and post-judgment interest;

    i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
    September 14, 2023

            LIPSKY LOWE LLP

            <u>s/ Douglas B. Lipsky</u>
            Douglas B. Lipsky
            Frank J. Tantone
            420 Lexington Avenue, Suite 1830
            New York, New York 10017-6705
            212.392.4772
            doug@lipskylowe.com
            frank@lipskylowe.com
            *Attorney for Plaintiff and*
            *All Other Persons Similarly Situated*