**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CECE KROMAH, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>AMERIVENTS CATERING LLC,<br><br>　　　　　　　　　Defendant. | **DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' COMPLAINT**<br><br>ECF CASE NO:<br>No.: 1:23-cv-8152 (AT) |

　　　　Defendant AMERIVENTS CATERING LLC ("Defendant") by and through its undersigned attorneys, MOLOD, SPITZ & DeSANTIS, P.C., respectfully submit the following Answer and Affirmative and Other Defenses to Plaintiffs' Complaint (the "Complaint"), in the above-captioned action.

## AS TO "NATURE OF ACTION"

1. Defendant admits that Plaintiffs purport to proceed as set forth in Paragraph "1" of the Complaint but deny that Plaintiffs are entitled to any relief whatsoever on behalf of themselves or any other individuals.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

## JURISDICATION AND VENUE

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint.

4. Defendant denies the allegations set forth in Paragraph "4" of the Complaint.

5. Defendant neither admits nor denies the allegations set forth in Paragraph "5" of the Complaint, same not being an assertion of fact.

## AS TO "THE PARTIES"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's address, and denies the remaining allegations set forth in Paragraph "6" of the Complaint.

7. Admit.

8. Admit.

## AS TO THE STATEMENT OF FACTS

8. Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant admits the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant denies the allegations set forth in Paragraph "14" of the Complaint.

15. Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21. Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24. Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

28. Defendant denies the allegations set forth in Paragraph "28" of the Complaint.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

## CLASS ALLEGATIONS

31. Defendant denies the allegations set forth in Paragraph "31" of the Complaint.

32. Defendant denies the allegations set forth in Paragraph "32" of the Complaint.

33. Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

## FIRST CAUSE OF ACTION

38. Defendant repeats and reasserts each and every Answer to paragraphs 1 through 37 as if set forth in the entirety herein.

39. Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40. Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

## SECOND CAUSE OF ACTION

43. Defendant repeats and realleges its responses set forth in Paragraphs "1" through "42" of this Answer by reference as if fully set forth in response herein.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint.
45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint.
46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint.
47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

### THIRD CAUSE OF ACTION

48. Defendant repeats and realleges its responses set forth in Paragraphs "1" through "48" of this Answer by reference as if fully set forth in response herein.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.
50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.
51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.
52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

### FOURTH CAUSE OF ACTION

53. Defendant repeats and realleges its responses set forth in Paragraphs "1" through "52" of this Answer by reference as if fully set forth in response herein.

54. Defendant denies the allegations set forth in Paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.
56. Defendant denies the allegations set forth in Paragraph "56" of the Complaint.
57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of production or proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant assert the following defenses to Plaintiffs' claims:

### AS AND FOR A FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

Plaintiffs are not entitled to certification of this action as a class action because the purported class is not ascertainable, Plaintiffs cannot satisfy the requirement of numerosity, superiority, questions of law or fact are not common to the class, individual issues will predominate over any alleged common issues, Plaintiffs' claims are not typical of the claims or defenses of the purported class, Plaintiffs will not fairly and adequately protect the interests of the class, Plaintiffs' interests conflict with those of putative class members, and/or the requirements for certification are otherwise not met in this case.

### AS AND FOR A THIRD DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class whom Plaintiffs purport to represent, are barred in whole or in part by applicable statutes of limitation.

### AS AND FOR A FOURTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class whom Plaintiffs purport to represent, are barred in whole or in part by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off, and/or estoppel.

### AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class whom Plaintiffs purport to represent, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class whom Plaintiffs purport to represent, are barred in whole or in part because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

## AS AND FOR A SEVENTH DEFENSE

If this Court were to certify this action as a class action, which it should not, any award of liquidated, fixed, multiple or punitive damages would deny Defendant the due process of law, and is otherwise prohibited. Further, a class action is not maintainable in connection with any New York Labor Law claims because class representatives cannot require members of the prospective class to waive their claim to liquidated damages and nonetheless be considered to fairly and adequately protect the interests of such class.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is an inadequate and atypical representative of the class Plaintiff purport to represent and their interests are in conflict with those of the individuals they seek to represent.

## AS AND FOR A NINTH DEFENSE

Any failure to pay timely wages required by the New York Labor Law, although such is not admitted, to Plaintiffs, and/or to some or all of the members of the putative class Plaintiffs purports to represent, is attributable to a bona fide dispute with respect to the timing of payment.

## AS AND FOR A TENTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class whom Plaintiffs purport to represent, are barred in whole or in part, by statutory exclusions, exceptions, or credits under the New York Labor Law.

## AS AND FOR AN ELEVENTH DEFENSE

If Defendant failed to pay wages timely, although such is not admitted, neither Plaintiffs nor members of the putative class Plaintiffs purport to represent can demonstrate facts sufficient to warrant an award of damages.

## AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims, and those of the putative class Plaintiffs purport to represent, are barred in whole or in part by the doctrines of accord and satisfaction, and payment.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class Plaintiffs purport to represent, fail to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS FOR AN FOURTEENTH DEFENSE

Plaintiffs' claims, and/or those of some or all of the members of the putative class Plaintiffs purport to represent, are barred, in whole or in part, because, to the extent any violations are established, they constitute de minimis violations.

## AS FOR A FIFTEENTH DEFENSE

Plaintiff's claims, and/or those of some or all of the members of the putative class Plaintiffs purport to represent, did not work for more than 40 hours per week during one or more weeks they claim they are entitled to overtime.

### AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's claim, and/or the claims of some or all of the members of the putative class Plaintiffs purport to represent, for unlawful wage deductions is barred because Plaintiffs received sufficient wages above the statutory minimum wage.

### AS AND FOR A SEVENTEENTH DEFENSE

Defendant relied to its detriment on Plaintiffs' submission of time records, which did not set forth the time for which compensation is now sought, or on other acts and omissions of Plaintiffs, including their knowledge, acquiescence, consent, approval, ratification, participation or failure to notify Defendant of the acts complained of in this action. Plaintiffs are therefore estopped under principles of equity from asserting recovery from any overtime compensation claims or have waived their right to assert or recover from such claims. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR AN EIGHTEENTH DEFENSE

Plaintiff, and/or the members of the putative class Plaintiffs purport to represent, failed to take reasonable steps to reduce their claims, damages and losses, if any, and that said failure to mitigate the damages bars or reduces any claims, damages, or losses.

### AS AND FOR A NINETEENTH DEFENSE

Plaintiffs, and/or the members of the putative class Plaintiffs purport to represent, have received full payment for all work performed, barring Plaintiffs' claims.

### AS AND FOR A TWENTIETH DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge. This defense may apply to the claims of some or all of the class of allegedly similarly situated persons.

### AS AND FOR A TWENTY- FIRST DEFENSE

Defendant's actions with respect to Plaintiffs, and/or the members of the putative class Plaintiffs purport to represent, were taken in good faith with reasonable grounds to believe such conduct comported with applicable law, including New York State Labor Law.

### AS AND FOR A TWENTY-SECOND DEFENSE

Defendant is entitled to an offset in connection with all hours paid but which were not actually worked.

### AS AND FOR A TWENTY-THIRD DEFENSE

The Complaint is barred, in whole or in part, on the basis of Plaintiffs' failure to exhaust contractual or administrative remedies.

### AS AND FOR A TWENTY-FOUTH DEFENSE

Plaintiffs cannot establish a willful violation under the New York Labor Law.

### AS AND FOR A TWENTY-FIFTH DEFENSE

Plaintiffs, and/or the members of the putative class Plaintiffs purport to represent, are not entitled to a trial by jury as to any issue of law or fact relating to their alleged entitlement to any form of equitable relief.

In addition to the foregoing defenses, Defendant retains the right to amend its Answer and Defenses to raise additional affirmative and other defenses, to move for failure to state a claim, or pursue any available counterclaims against Plaintiffs, and/or the members of the putative class Plaintiffs purport to represent, as those claims become known during this litigation,

WHEREFORE, Defendants respectfully request the Court to:

a. Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b. Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

c. Award Defendant the reasonable attorneys' fees and costs it incurs in defending this action; and

d. Grant Defendant such other and further relief as the Court deems just and proper.

Dated: November 17, 2023

    Respectfully submitted,

    MOLOD, SPITZ & DeSANTIS, P.C.

*Mary Dolan, Esq.*

By_____
    Mary Dolan, Esq.
Attorneys for Defendant
1430 Broadway – 21st Floor
New York, New York 10018
(212) 869-3200